*FILED*

WHA 555

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name SMITH                RICK        R.
          (Last)              (First)           (Initial)

Prisoner Number T-98778

Institutional Address SAN QUENTIN STATE PRISON

**(PR)**

**WHA**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

*E-filing*

RICK R. SMITH
(Enter the full name of plaintiff in this action.)

CV 08          3216

vs.

Case No. _____
(To be provided by the Clerk of Court)

ROBERT L. AYERS, JR.

POLK

**COMPLAINT UNDER THE**
**CIVIL RIGHTS ACT,**
**Title 42 U.S.C § 1983**

_____

_____

(Enter the full name of the defendant(s) in this action)

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    Exhaustion of Administrative Remedies.

[**Note:**  You must exhaust your administrative remedies before your claim can go

forward.  The court will dismiss any unexhausted claims.]

A.    Place of present confinement SAN QUENTIN

B.    Is there a grievance procedure in this institution?

YES (✗)    NO ( )

C.    Did you present the facts in your complaint for review through the grievance

procedure?

YES (✗)    NO ( )

D.    If your answer is YES, list the appeal number and the date and result of the

appeal at each level of review.  If you did not pursue a certain level of appeal,

explain why. SENT TO S.Q. APPEAL COREDIHATOR

6-2-8 FOR LOG#

COMPLAINT                          - 1 -

1. Informal appeal _____

_____

_____

2. First formal level_____

_____

_____

3. Second formal level_____

_____

_____

4. Third formal level _____

_____

_____

E.    Is the last level to which you appealed the highest level of appeal available to

you?

        YES ( )      NO ( )

F.    If you did not present your claim for review through the grievance procedure,

explain why. ENCLOSED IS COPY OF 602 SENT TO

APPEAL CO. ON 6-2-8 FOR LOG#

_____

II.    Parties.

A.    Write your name and your present address.  Do the same for additional plaintiffs,

if any.

RICK P. SMITH T-98778

S.Q.S.P. D-S3I

SAN QUENTIN, CA. 94974

B.    Write the full name of each defendant, his or her official position, and his or her

place of employment.

ROBERT L. AYERS, JR. WARDEN, SAN QUENTIN

COMPLAINT                              - 2 -

COPY OF 602 SENT TO APPEAL CO. 6-2-8  POLKS

Rick P. Smith
#T-98778
SQSP - SAN QUENTIN STATE PRISON
Inmate Mail
San Quentin, CA 94974

SEPT. 19th, 2007 AFTER BEING CHARGED WITH BATTERY ON A
INMATE IN WEST BLOCK, WHILE BEING ESCORTED BY C/O
SEXTON THROUGH WEST BLOCK YARD, C/O POLK RAN UP NEXT TO
ME AND YELLED "ESCORT P.C.". THE YARD WAS FULL OF INMATES
FROM WEST BLOCK YARD. INMATE STATES THAT C/O POLK'S LABEL
OF "P.C." VIOLATED MY 5th, 8th AND 14th AMENDMENT RIGHTS.

B.
  THIS IS TO EXHAUST PRISON LITIGATION REFORM ACT OF
  1996 ADMINISTRATIVE REMEDIES REQUIREMENT FOR U.S.
  DISTRICT COURT.


EXTRA PAGE
  IN BCHEFIELD V. MCDOWALL 241 F.3D 1267, 1270CI9th CIR
  2001) THE COURT STATED THAT THE 8th AMEND. WAS VIOLATED
  WHEN PRISON OFFICIAL LABELED PRISONER A "SNITCH"
  BECAUSE THE LABEL EXPOSES PRISONER TO POTENTIAL FOR
  GREAT HARM AND CONSTITUTES DELIBERATE INDIFFERENCE
  TO PRISONERS SAFETY.

INMATE FURTHER STATES THAT THIS ORDER."
VIOLATED HIS DUE PROCESS AND EQUAL PROTECTION CLAUSES
OF THE 5th AND 14th AMEND. GIVING RISE TO SIGNIFICANT
HARDSHIP ON THE INMATE IN RELATION TO THE ORDINARY
INCIDENTS OF PRISON LIFE AND THAT SIMILARLY SITUATED
INMATES ARE INTENTIONALLY TREATED DIFFERENTLY BY THE
STATE AND THERE IS NO RATIONAL RELATION BETWEEN THE
DISSIMILAR TREATMENT AND ANY LEGITIMATE PENAL
INTEREST.
SANDIN V. CONNER 515 U.S. 472, 484 (1995)

THE DELIBERATE INDIFFERENCE OF OFFICER POLK IS
CLEARLY A VIOLATION OF INMATES 5th, 8th AND 14th
AMEND. DUE PROCESS, EQUAL PROTECTION AN CRUEL AND
UNUSUAL PUNISHMENT RIGHTS UNDER THE UNITED
STATES CONSTITUTION.

1. EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

2. DEFENDANT, ROBERT L. AYERS, JR. IS WARDEN OF SAN QUENTIN. HE IS LEGALLY RESPONSIBLE FOR THE OPERATION OF SAN QUENTIN AND FOR THE WELFARE OF ALL THE INMATES OF THAT PRISON.

3. DEFENDANT, POLK IS A CORRECTIONAL OFFICER OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF PRISON GUARD AND WAS ASSIGNED TO SAN QUENTIN.

4. UNDER COLOR OF STATE LAW REQUIREMENT, ALL DEFENDANTS CONDUCT IS THE MISUSE OF POWER POSSESSED BY VIRTUE OF STATE LAW AND MADE POSSIBLE ONLY BECAUSE THE WRONGDOER IS CLOTHED WITH THE AUTHORITY OF STATE LAW.
WEST V. ATKINS 487 U.S. 42, 48 [1988]

5. ON WED., SEPT., 19th 2007 AFTER BEING CHARGED WITH BATTERY ON A INMATE IN WEST BLOCK, WHILE BEING ESCORTED BY CORRECTIONAL OFFICER SEXTON THROUGH WEST BLOCK YARD, OFFICER POLK RAN UP NEXT TO ME AND YELLED "ESCORT P.C." THE YARD WAS FULL OF INMATES FROM WEST BLOCK.

6. IN BENEFIELD V. MCDOWALL 241 F.3D 1267, 1270 [10th CIR 2001] THE COURT STATED THAT THE 8th AMEND. WAS VIOLATED WHEN A PRISON OFFICIAL LABELED A PRISONER A "SNITCH" BECAUSE THE LABEL EXPOSES THE PRISONER TO POTENTIAL FOR GREAT HARM AND CONSTITUTES DELIBERATE INDIFFERENCE TO PRISONERS SAFETY.

7  PLAINTIFF STATES THAT OFFICER POLK'S LABEL OF "P.C." VIOLATED HIS 8th AMEND. RIGHTS.

8  PLAINTIFF FURTHER STATES THAT THIS LABLE OF "P.C." VIOLATED HIS DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE 5th AND 14th AMEND., GIVING RISE TO SIGNIFICANT HARDSHIP ON THE INMATE IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE AND THAT SIMILARY SITUATED INMATES ARE INTENTIONALLY TREATED DIFFERENTLY BY THE STATE AND THERE IS NO RATIONAL RELATION BETWEEN THE DISSIMILAR TREATMENT AND ANY LEGITIMATE PENAL INTEREST, SANDIN V. CONNER 515 U.S. 472, 484 (1995)

9  THE DELIBERATE INDIFFERENCE OF OFFICER POLK IS CLEARLY A VIOLATION OF PLAINTIFF's 5th, 8th AND 14th AMEND. DUE PROCESS, EQUAL PROTECTION AND CRUEL AND UNUSUAL PUNISHMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION.

0  THE PLAINTIFF HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN.
PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANTS UNLESS THIS COURT GRANT THE DECLARATORY AND INJUNCTIVE RELIEF WHICH PLAINTIFF SEEKS.

1  PRISON LITIGATION REFORM ACT OF 1996 EXHAUSTION OF ADMINISTRATIVE REMEDIES REQUIREMENT FILED 602 ON 6-2-8 SENT TO S.Q. APPEAL CO. FOR 205#

12 PRAYER FOR RELIEF, THEREFORE PLAINTIFF
RESPECTFULLY PRAYS THAT THIS COURT ENTER
JUDGEMENT GRANTING PLAINTIFF'S DECLARATION THAT
THE ACTS AND OMISSIONS DESCRIBED HEREIN
VIOLATED PLAINTIFF'S RIGHTS UNDER THE
CONSTITUTION AND LAWS OF THE UNITED STATES.

3 PLAINTIFF'S COSTS IN THIS SUIT.

4 ALL ADDITIONAL RELIEF THIS COURT DEEMS JUST,
PROPER AND EQUITABLE.

5 A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY

6 I HAVE READ THE FOREGOING COMPLAINT AND HEREBY
VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE,
EXCEPT AS TO THOSE MATTERS ALLEGED ON INFORMATION
AND BELIEF, AND TO THOSE I BELIEVE THEM TO BE TRUE.
I CERTIFY UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT.
THIS FINE 11th DAY OF JUNE, 2008, IN MARIN
COUNTY CALIFORNIA.

RICK P. SMITH
IN PRO SE

1  POLK, CORRECTIONAL OFFICER, SAN QUENTIN
2
3
4

5  III.    Statement of Claim.

6          State here as briefly as possible the facts of your case. Be sure to describe how each

7  defendant is involved and to include dates, when possible. Do not give any legal arguments or

8  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

9  separate numbered paragraph.

10  SEE 3 PAGE DOCUMENT INCLUDED PLUS

11  COPY OF 602 SENT TO APPEAL CO. 6-2-8

12  SEPT. 19th 2007 AFTER BEING CHARGED WITH BATTERY ON

13  A INMATE IN WEST BLOCK, WHILE BEING ESCORTED BY

14  C/O SEXTON THROUGH WEST BLOCK YARD, C/O POLK RAN UP NEXT

15  TO ME AND YELLED "ESCORT P.C." THE YARD WAS FULL OF

16  INMATES FROM WEST BLOCK. INMATE STATES THAT C/O

17  POLK'S LABEL OF "P.C." VIOLATED HIS 5th, 8th AND 14th

18  AMEND. RIGHTS.

19
20
21
22

23  IV.    Relief.

24          Your complaint cannot go forward unless you request specific relief. State briefly exactly

25  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26  SEE STATEMENT OF CLAIM # 12 - 18

27
28

COMPLAINT                            - 3 -

1 _____

2 _____

3 _____

4 _____

5 I declare under penalty of perjury that the foregoing is true and correct.

6

7 Signed this __11__ day of __JUNE_____, 20 _08_

8

9                             _Rt R. Smith_____

10                                          (Plaintiff's signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                         - 4 -

INMATE SUFFERED HEAD INJURY ON BADGER SECT
YARD AS THE RESULT OF UNSAFE AND DECENT
PRISON CONDITIONS IN VIOLATION OF 8th
AMENDMENT PROHIBITION OF CRUEL AND
UNUSAUL PUNISHMENT. INMATE CLAIMS GROSS
DEFICIENCIES IN STAFFING AND FAILURE TO
RESPOND TO OBVIOUS RISKS ALL THE
RESPONSIBILITY OF A WARDEN, ROBERT L. AYERS
SR.

B.  THIS IS TO EXHAUST ADMINISTRATIVE
    REMEDIES REQUIREMENT OF PRISON LITIGATION
    REFORM ACT OF 1996 FOR U.S. DISTRICT COURT
    CASE NO. C-07-5425 W.H A (PR)

    Smith                    6-1-8

THIS IS TO DOCUMENT THE CAMPAIGN OF HARASSMENT BY
S.Q STAFF FOR FILING AND MAINTAINING A LAWSUITE
AND TEACHING OTHERS TO DO SO.
DART V. TELFORD 677 F.2D 622 (7th CIR 1982)
CA. CODE REG. TITLE 15, SECT. 3160 (A), 3084.1 (A) (C),
   3190 (B)

2. THIS IS TO EXHAUST ADMINISTRATIVE REMEDIES
REQUIREMENT OF PRISON LITIGATION REFORM ACT
OF 1996 FOR U.S. DISTRICT COURT

SEE EXTRA PAGE

IVE BEEN GIVEN 4 602'S SINCE 11-13-07, I FILL THEM OUT AND SEND THEM TO THE S.Q. APPEALS COORDINATOR FOR LOG# AND THEY DO NOT RETURN TO ME.

ON 2-13-8 I WAS MOVED FROM 3-C-8 TO 1-A-C-53 FOR BEING DISRUPTIVE, SEE C.D.C. 128B CENTRAL FILE, BY SGT. CANNON AND C/O CONERLY, WAS TOLD I WAS GOING TO INSTITUTIONAL CLASSIFICATION COMMITTEE, FROM THAT DAY TILL 6-1-8 I WAS NOT GIVEN ANY NO STATE FUND (N.S.F.) ENVELOPES.

THIS VIOLATES MY RIGHT TO OUTGOING CORRESPONDENCE PROCUNIER V. MARTINEZ 416 U.S. 396 (1974)

FREEDOM TO COMMUNICATE WITH THE OUTSIDE WORLD THORNBURGH V. ABBOTT 409 U.S. 401, 411-12, 109 S.Ct 1874, 1880-81, 104 L.ED 2D 459 (1989)

ACCESS TO THE COURTS
BOUNDS V. SMITH 430 U.S. 817, 821 (1977)

INMATE CLAIMS HE WAS MOVED IN VIOLATION OF CA. CODE REG. TITLE 15, ARTICLE 6, SECT. 3170 (A) P. 70

"STAFF SHALL NOT IN ANY WAY RETALIATE AGAINST OR DISCIPLINE ANY INMATE FOR INITIATING OR MAINTAINING A LAWSUIT."

INMATES STATE SHOES WERE ALSO TAKEN ON 2-13-8 BY A.C. STAFF I STILL DO NOT HAVE A PAIR AS OF 6-1-8 FOR NINE (9) DAYS I WAS NOT GIVEN A BOOK OR MY PROPERTY

ON 2-22-8 PROPERTY OFFICER ____ WAS THRU AWAY 13 OF MY BOOKS. I DID NOT HAVE OVER SIX (6) CUBIC FEET OF PERSONAL PROPERTY ALLOWABLE, TITLE 15, SECT. 3190 (B). HE WOULD NOT GIVE ME A GO2 VIOLATING TITLE 15 SECT. 3084-1 (A) (C) ALSO PRISON LITIGATION REFORM ACT.

3-7-8  C/O'S HARD, S. FAAITA AND THOMSON TURN OFF WATER TO MY CELL WHILE IM EXERCISING NO VALID PENOLOGICAL PURPOSE

3-10-8  SENT 42 U.S.C. §1983 TO S.Q. APPEAL CO. FOR MAIL TO U.S. DISTRICT COURT FOR WATER, IMMINENT DANGER AND ACCESS TO COURTS, IT WAS NEVER FILED.

3-10-8  WATER TURNED ON AFTER 3 DAYS INMATE CLAIMS A.C. STAFF FAILED TO INTERVENE OR TURN ON INMATES WATER, 8th AMEND. CLAIM BECAUSE INMATE DEPRIVED DRINKING WATER FOR 3 DAYS
E.G. DELLIS V. CORR. CORP. OF AM.
257 F. 3D 508, 512 (6th CIR 2001)

COPY OF 602 SENT TO S.Q APPEAL CO. 6-5-8

PRISON CONDITIONS AND PRACTICES CANNOT DEPRIVE INMATES
OF THE MINIMAL CIVILIZED MEASURE OF LIFE'S
NECESSITIES, EXERCISE, PERSONAL HYGIENE, LIGHTING AND
WORKING AND SANITARY TOILET FACILITIES FALL INTO THIS
CATEGORY. WHEN THE STATE TRANSGRESSES THESE LIMITS IT
TRANSGRESSES THE 8th AMEND.
WILSON V. SEITER 501 U.S. 294, 111 S.Ct. 2321, 2327, 115 L.ED
2D 271 [1991]

D EXHAUST PRISON LITIGATION REFORM ACT OF 1996
  ADMINISTRATIVE REMEDIES REQUIREMENT AND PROVIDE
  MEDICAL TREATMENT.
  ESTELLE V. GAMBLE 429 U.S. 97, 97 S.Ct. 285, 50 L.ED.
  2D 251 [1976]

Smith    6-5-8

PLAINTIFF DEMANDS A JURY
TRIAL ON ALL ISSUES

I declare under penalty of perjury that the foregoing is true and correct.

Signed this **28-th** day of **NOV** , 20 **07**

_(Plaintiff's signature)_

COMPLAINT                                          - 4 -

EXTRA PAGE OF 602 SENT TO S.Q. APPEAL CM- 6-5-8

3-10-8 TO 4-13-8 I WAS NOT GIVEN A PEN VIOLATING
TITLE 15, SECT. 3164 (B) AND INDIGENT INMATES MUST BE
PROVIDED AT STATE EXPENSE WITH PEN AND PAPER TO DRAFT
LEGAL DOCUMENTS, WITH NOTARIAL SERVICES TO
AUTHENTICATE THEM AND WITH STAMPS TO MAIL THEM.
BOUNDS V. SMITH 430 U.S. 817 [1977]
LEWIS V. CASEY 518 U.S. 343, 116 Sct 2174 [1998]

3-14 HARO, KNOX TURN OFF WATER TO MY CELL WHILE I
WAS EXERCISING NO LEGITIMATE PENOLOGICAL PURPOSE

3-15 BREAKFAST PURECO, HENDERSON TOLD WATER WAS OFF
2PM HARO, CONSTANCEIO NO WATER

3-16 PURECO, FRIESON TURN WATER ON THEN OFF AFTER
PSYCH TECH PAM LEAVES
2PM PERSAUD NO WATER

3-17 DAROCIO, BULATO, CONSTANCEIO NO WATER
2PM KNOX, PERSAUD, DELOSARIO 2 MILK CARTONS
OF WATER 4 FLUSH

3-18 BULATO, GOSS, DELOSARIO NO WATER SENT LETTER
TO DIRECTOR BY WAY OF S.Q. APPEAL COORDINATOR

4-1 HURT ARM WORKING OUT POSSIBLE BONE FRACTURE
NO A.C. STAFF WOULD GIVE ME A MED. SLIP
OR A PEN.

4-4 HOT WATER TURNED OFF C/O KNOX SEEN ME
SOAKING MY ARM

IN ESTELLE CLAIM THAT THE FAILURE TO PROVIDE MEDICAL ATTENTION TO A PRISONER WAS A 8th AMEND. VIOLATION. IT ALSO NOTED THAT THE STATE HAS A "OBLIGATION TO PROVIDE MEDICAL CARE FOR THOSE WHEN IT IS PUNISHING BY INCARCERATION" AND HELD THAT DELIBERATE INDIFFERENCE TO A PRISONERS SERIOUS ILLNESS OR INJURY WOULD VIOLATE THE 8th AMEND. ESTELLE V. GAMBLE 429 U.S. 97, 97 S. ct 285, 50 L. ED. 2D 251 [1976]

4-13 COLD WATER TURNED OFF BY J. GUTHRIE, MC GEHEE 2PM ASK CROSS, KIM FOR WATER, 602'S. WROTE LETTER TO APPEAL CO. FOR 602'S

4-14 TOLD DR. HYATT ABOUT ARM, WATER AND 602'S

4-16 ASK H. TORGRIMSON, PURSEO FOR MEDICAL SLIP, 602'S AND WATER

4-17 GOT 2 602'S FROM C/O FRANSEL WROTE EMERGENCY 602 WATER AND ACCESS TO THE COURTS

4-21 PROPERTY OFFICER WILL NOT GIVE ME A BOOK THAT WAS SENT TO ME UNLESS I GIVE HIM ONE OF MINE. WONT GIVE ME HIS NAME OR A 602 ALSO ASK BULATO. SGT. G. BICKHAM NOTIFIED WATER IN SINK TURNED OFF 8th DAY ONLY TOILET WORKING

4-22 COLD WATER IN SINK TURNED ON AFTER 9 DAYS INMATE CLAIMS A.C. STAFF FAILED TO INTERVENE OR TURN ON INMATE WATER 8th AMEND. CLAIM BECAUSE INMATE DEPRIVED DRINKING WATER
DELLIS V. CORR. CORP. OF AM.
257 F. 3D 508, 512 [6th CIR 2001]

LIGHTS IN CELL TURNED OFF 6·5·8. NO FINGERNAIL CLIPPERS IN D-SECT. NO HAIR CUT SINCE 9-6-07 IM TOLD IM REFUSING. DOCUMENT C/O FUHER WOULD NOT TAKE ME TO MEDICAL BECAUSE I WOULD NOT BACK OUT OF MY CELL OR GIVE ME A 602. ALSO ASKED NWOSO, GARDNER AND DE LEON. CLOTHING EXCHANGE, GARDNER WOULD ONLY GIVE ME ONE SHEET. IVE ONLY ONE BLANKET.

SEE EXTRA PAGE

D TITLE 15, §3160 (A) P.70 "STAFF SHALL NOT IN ANY WAY RETALIATE AGAINST OR DISCIPLINE ANY INMATE FOR INITIATING OR MAINTAINING A LAWSUIT".

Smith    6-6-8

TITLE 15, §3084.1 (A)(C) P.50
ANY INMATE UNDER DEPARTMENTAL JURISDICTION MAY APPEAL ANY DEPARTMENTAL DECISION, ACTION, CONDITION OR POLICY WHICH THEY CAN DEMONSTRATE AS HAVING AN ADVERSE EFFECT UPON THEIR WELFARE. THE DEPT. SHALL ENSURE DEPARTMENTAL APPEAL FORMS ARE READILY AVAILABLE TO ALL INMATES.

SECT 3391 P.187
I HAVE THE RIGHT TO MAKE A COMPLAINT FOR ANY IMPROPER POLICE CONDUCT. CA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE INMATE COMPLAINTS. I HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.
I NOW AGAIN ASK FOR THIS PROCEDURE.

EQUAL PROTECTION CLAUSE OF THE 14th AMEND. CLAIM THAT SIMILARY SITUATED INMATES ARE INTENTIONALLY TREATED DIFFERENTLY.

THIS IS ALSO TO DOCUMENT THE CAMPAIGN OF HARASSMENT FOR FILING AND MAINTAINING A LAWSUIT. BART V. TELFORD 677 F. 2D 622 [7th CIR 1982]

PRISON CONDITIONS AND PRACTICES CANNOT DEPRIVE INMATES OF THE CIVILIZED MEASURE OF LIFE'S NECESSITIES, PERSONAL HYGIENE, LIGHTING FALL INTO THIS CATEGORY WHEN THE STATE TRANSGRESSES THESE LIMITS IT TRANSGRESSES THE 8th AMEND.
WILSON V. SEITER 501 U.S. 294, 111 S.Ct. 2321, 2327, 115 LED 2D 271 [1991]
HOPTOWIT V. SPELLMAN 753 F. 2D 779, 783 [9th CIR 1985]
STATE HAS CONSTITUTIONAL DUTY TO PROVIDE ADEQUATE MEDICAL TREATMENT TO THOSE IN CUSTODY UNDER THE 8th AMEND.
ESTELLE V. GAMBLE 429 U.S. A 104, 97 S.Ct. AT 291 [1976]

THIS IS TO DOCUMENT THE CAMPAIGN OF HARASSMENT BY
D-SECT. STAFF. I DID NOT GET ANY N.S.F. ENVELOPES THIS
WEEK. I ASKED ALVEREZ ON 6-11-8, HE SAID HE'D GET TO IT,
I ASKED GARDNER FOR PAPER, NONE GIVEN. I ASKED WRIGHT
ABOUT N.S.F. AND ROCNER AND BILLUPS ON 6+13+8. ON
6-12 AFTER I ASKED GARDNER FOR PAPER, HE ONLY GAVE ME
ONE SHEET ON CLOTHING EXCHANGE, WHEN I COMPLAINED HE
DUMPED MY DINNER TRAY ON THE FLOOR OF MY CELL.

   SEE EXTRA PAGE

D COMPLIANCE WITH TITLE 15, § 3030 (A)(C),(D), 3031 (B)
   3, 5-8, 3050 1 AND 3134 AND EXHAUST ADMINISTRATIVE
   REMEDIES REQUIREMENT OF PRISON LITIGATION REFORM
   ACT OF 1996

ON 5-27 C/O POLK WENT THROUGH MY PROPERTY AS I CAME
FROM A.C. AND TOOK EXTRA TOWELS, SOCKS, BOXERS AND SHEETS
VIOLATING TITLE 15, § 3030 (A),(B)(1 A), (B),(C),(D).

A EACH INMATE SHALL BE PROVIDED STATE CLOTHING AND
LINEN PURSUANT TO THIS SECT.

B1 EACH INMATE SHALL BE ISSUED,(A), ONE PAIR OF SHOES,
   (B) TWO SHEETS, (C) ONE PILLOW CASE,(D), TWO TOWELS AND
   (2D) SIX PAIR SOCKS.

ON 6-12 THIS IS THE 2ND WEEK C/O GARDNER ONLY GAVE ME
   ONE SHEET ON CLOTHING EXCHANGE VIOLATING TITLE 15,
   § 3031 (B),(3),(5-8) AND WHEN I COMPLAINED HE DUMPED
   MY DINNER TRAY ON MY FLOOR, I WAS NOT FED AND
   OGLEON WOULD NOT INFORM THE SGT. VIOLATING
   TITLE 15, § 3050.1 FOOD SHALL NOT BE WITHHELD NOR
   STANDARD MENU VARIED AS A DISCIPLINARY SANCTION
   FOR ANY INMATE.

6-11 I ASKED C/O ALVAREZ ABOUT N.S.F. ENVELOPES FOR THIS WEEK HE SAID HE'D GET TO IT.

6-12 ASKED GARDNER AND DELEON FOR WRITTING PAPER

6-13 ASKED WRIGHT ABOUT N.S.F. ENVELOPES, ROEMER AND BILLUPS FOR WRITTING PAPER
TITLE 15, § 3134
WRITTING PAPER, ENVELOPES SHALL BE SUPPLIED TO A INMATE AS DEFINED IN § 3000 UPON INMATES REQUEST. I AM AN INDIGENT INMATE.

6-12 RAMOS TOLD ME HE'D GET ME SOME SHOE'S IT NEVER HAPPENED.

INMATE CLAIMS DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE 5th AND 14th AMEND. THAT PRISON CONDITIONS DOES GIVE RISE TO SIGNIFICANT HARDSHIP ON THE INMATE IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE AND THAT SIMILARLY SITUATED INMATES ARE INTENTIONALLY TREATED DIFFERENTLY BY THE STATE AND THERE IS NO RATIONAL RELATION BETWEEN THE DISSIMILAR TREATMENT AND ANY LEGITIMATE PENAL INTEREST.
TURNER V. SAFLEY 482 U.S. 78, 89 [1987]

WHEN THE STATE BY THE AFFIRMATIVE EXERCISE OF ITS POWER SO RESTRAINS AN INDIVIDUAL'S LIBERTY THAT IT RENDERS HIM UNABLE TO CARE FOR HIMSELF AND AT THE SAME TIME FAILS TO PROVIDE FOR HIS BASIC HUMAN NEEDS E.G. FOOD, CLOTHING, IT TRANSGRESSES THE SUBSTANTIVE LIMITS ON STATE ACTION SET BY THE 8th AMEND.
DE SHANEY V. WINNEBAGO COUNTY DEPT. OF SOCIAL SERVICES 489 U.S. 189, 109 S. Ct 998, 1005, 103 L. ED. 2D 249 [1989]

DEAR DICK WIEKING OR MS.

ON 4-28 I SENT APPEAL, LOG # 07-4625, 07-4672 TO THE APPEAL CO. FOR MAIL TO YOU FOR CASE # CV-08-0716 WHA (PR), DID YOU GET THESE APPEALS?

ALSO SENT LOG# 07-4409 DID YOU GET THIS ONE? WAS SENT BY S.Q. APPEAL CO. INSTATUTIONAL MAIL.

TODAY IVE ENCLOSED 7 PAGES OF COPY'S IVE SENT TO S.Q. APPEAL CO. DATED 6-1-8 TWO, 3 PAGES, 6-5-8, TWO PAGES, 6-6-8, ONE PAGE, 6-13-8, ONE PAGE.

PLEASE CONFERM APPEALS SENT A.S.A.P. AND DID U GET 42 U.S.C. §1983 FROM CHIEF INMATE APPEALS N. GRANNIS YET?

I HAVE NOT HAD ACCESS TO PRISON LAW LIB., PLEASE SEND HANDBOOK FOR LITIGANTS AND IM ASKING FOR ACCESS TO YOUR FED. LAW LIB.

IVE ENCLOSED ALSO OME $1983, COPY OT THE GOT SENT TO APPEAL CO. ON 6-2-8 AND 3 PAGES OF STATEMENT OF CLAIM. NEED IN FORMA PAUPERIS FOR THIS CLAIM.

THANK YOU FOR YOUR ASSISTANCE

RESPECTFULLY

RICK P. SMITH
IM PRO SE



RICK SMITH T-98778
S.Q.S.P. S-D-31
SAN QUENTIN, CA-
94974

SAN QUENTIN
NSF
STATE PRISON

941023-3661 CD04

U.S. DISTRICT COURT
450 GOLDEN GATE AV.
S.F., CA-
94102

UNITED STATES POSTAGE
PITNEY BOWES
02 1M
0004248283
$ 00.76°
JUN 17 2008
MAILED FROM ZIP CODE 94964